# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**180 PROPERTIES, LLC,**<br><br>　　　　　　**Debtor.** | Chapter 7<br>Case No. 14-29827 |
| **IRA BODENSTEIN, AS CHAPTER 7 TRUSTEE,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**MENARD, INC.,**<br><br>　　　　　　**Defendant.** | Adv. No. _____ |

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

Plaintiff, Ira Bodenstein, chapter 7 trustee (the "Plaintiff") of 180 Properties, LLC (the "Debtor"), in the above-captioned chapter 7 case, by and through his undersigned counsel, and pursuant to 11 U.S.C. §§ 547 and 550 and Fed. R. Bankr. P. 7001(1), brings this adversary proceeding to avoid and recover certain transfers made to Menard, Inc. (the "Defendant"), and respectfully alleges as follows:

## INTRODUCTION

1.　　This is an adversary proceeding filed to avoid and recover certain transfers made by the Debtor prior to the commencement of the Debtor's bankruptcy case. Specifically, the Plaintiff seeks the entry of a judgment against the Defendant: (a) avoiding certain transfers pursuant to 11 U.S.C. § 547(b); and (b) directing the Defendant to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a). Furthermore, the Plaintiff seeks (c) to disallow any and all claims of the

{10992-001 CMP A0440588.DOCX}

Defendant against the Debtor's estate pursuant to 11 U.S.C. §502(d) so long as the Defendant fails to pay or surrender to the Plaintiff the value of the avoidable transfers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. This adversary proceeding constitutes a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

5. On August 14, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

6. On August 25, 2014, Ira Bodenstein was appointed by the U.S. Trustee to administer the Debtor's estate (the "Estate").

7. The name of the Defendant is Menard, Inc., a Wisconsin corporation headquartered in Eau Claire, Wisconsin. Menard, Inc. is registered to do business in Illinois as a foreign corporation.

## GENERAL BACKGROUND

8. During the 90-day period preceding the Petition Date, the Defendant received payments from the Debtor in an aggregate amount of not less than $56,600.00 (the "Transfers"). A schedule of the Transfers, including the date of each particular Transfer and the amount of each particular Transfer, is attached hereto as Exhibit A.

9. In January of 2016, the Trustee sent a letter making a demand upon Defendant to return the value of the Transfers. To date, the Defendant has not paid or surrendered to the Plaintiff the value of the Transfers.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

10. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 9 above, as if fully restated herein.

11. The Transfers were made by the Debtor, 180 Properties, LLC, to or for the benefit of the Defendant. At the time each of the Transfers was made, the Defendant was a creditor of the Debtor.

12. The Transfers were made on account of an antecedent debt owed to Defendant by the Debtor before such Transfers were made. The Transfers were payments made to the balance of the credit card account that the Debtor held with the Defendant.

13. Upon information and belief, the Defendant had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtor or on behalf of the Debtor, on account of which the Transfers were made.

14. Upon information and belief, the Defendant was the initial transferee of the Transfers.

15. Pursuant to 11 U.S.C. § 547(f), the Debtor was presumed to have been insolvent at the time of the Transfers.

16. At the time that each of the Transfers was made, the sum of the Debtor's debts exceeded the sum of its assets at a fair valuation.

17. Upon information and belief, the Transfers enabled the Defendant to receive more on account of antecedent debts owed by the Debtor than the Defendant would have received if, as of the date of each such Transfer, the Debtor had commenced its case under chapter 7 of the

Bankruptcy Code, each particular Transfer had not been made, and the Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

18. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against the Defendant on Count I as follows: (i) declaring that the Transfers are avoidable transfers pursuant to 11 U.S.C. § 547(b); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT II

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

19. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18 above, as if fully restated herein.

20. The Defendant was the initial transferee of the Transfers.

21. The value of the Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant on Count II as follows: (i) declaring that the Plaintiff may recover the Transfers from the Defendant pursuant to 11 U.S.C. § 550; (ii) ordering the Defendant to pay to the Plaintiff the value of the aggregate amount of the avoidable transfers in an amount not less than $56,600.00, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

# COUNT III
## (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

22. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 above, as if fully restated herein.

23. As a result of one or more of the Transfers, the Defendant is the transferee of the transfers that are avoidable under 11 U.S.C. § 547, and the Plaintiff may recover property from the Defendant under 11 U.S.C. § 550.

24. To the extent that the Defendant fails to repay the avoidable Transfers, and the Transfers are held to be avoidable under 11 U.S.C. § 547 and recoverable under 11 U.S.C. § 550, any claim of the Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d).

25. The Defendant has not paid or surrendered to the Plaintiff the value of the Transfers, and therefore, any claim that the Defendant has filed or scheduled in the Case must be disallowed.

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant on Count III as follows: (i) disallowing any and all claims of the Defendant against the Debtor's estate in the Case pursuant to 11 U.S.C. § 502(d); and (ii) granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Ira Bodenstein, not individually,
but as Chapter 7 Trustee

Dated: June 8, 2016

By: */s/Christina Sanfelippo*
One of his attorneys

John W. Guzzardo (6283016)
Christina M. Sanfelippo (6321440)
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
Fax: (312) 980-3888

## **EXHIBIT A**

| Date of Payment | Amount Paid |
|---|---|
| 5/19/2014 | $3,000.00 |
| 5/28/2014 | $3,000.00 |
| 5/30/2014 | $3,600.00 |
| 6/04/2014 | $5,000.00 |
| 6/11/2014 | $4,000.00 |
| 6/13/2014 | $2,000.00 |
| 6/18/2014 | $3,000.00 |
| 6/20/2014 | $5,000.00 |
| 6/30/2014 | $3,000.00 |
| 7/08/2014 | $4,000.00 |
| 7/14/2014 | $3,000.00 |
| 7/16/2014 | $5,000.00 |
| 7/23/2014 | $4,000.00 |
| 7/29/2014 | $4,000.00 |
| 8/06/2014 | $5,000.00 |
| **Total Amount Paid** | $56,600.00 |